19 003445

S. Tavares, Deputy

MAY - 9 2019  501pm
FILED
CLERK OF THE SUPERIOR COURT

ORIGINAL

CLERK OF THE
SUPERIOR COURT
RECEIVED OCB 354 COURT
DOCUMENT DEPOSITORY

2019 MAY -9  PM 5:07

FILED
BY S. TAVARES, DEP

Name of Person Filing: Jonathan C. Bertanelli No 47835
Your Address: P.O. Box 3600
Your City, State, Zip Code: Buckeye, Arizona 85326
Your Telephone Number: N/A
ATLAS Number (if applicable): N/A
Attorney Bar Number (if applicable): N/A
Representing: ☒ Self (Without an Attorney)
Or Attorney for ☐ Petitioner ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## IN Maricopa COUNTY

Jonathan Cataldo Bertanelli,
Name of Petitioner

And

Charles L. Ryan, et. al.
Name of Respondent

Case No.: CV-2018-097313

**SUMMONS**

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

FROM THE STATE OF ARIZONA TO: Charles L. Ryan
Name of Respondent

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   - **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**
   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

Page 1 of 2

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5. If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding minor children.

6. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date:  3/7/19

CLERK OF COURT

By _____
Deputy Clerk

V. MARTINEZ
DEPUTY CLERK

*Several Summons, Complaint and Certificate of Arbitration*

19003445

ORIGINAL

CLERK OF THE SUPERIOR COURT
FILED

Name of Person Filing: Jonathan C. Bertonelli No. 47835
~~Your Address:~~ P.O. Box 3600
Your City, State, Zip Code: Buckeye, Arizona 85326
Your Telephone Number: N/A
ATLAS Number (if applicable): N/A
Attorney Bar Number (if applicable): N/A
Representing: ☒ Self (Without an Attorney)
Or Attorney for ☐ Petitioner   ☐ Respondent

CLERK OF THE SUPERIOR COURT
FILED

MAY -9 2019   3:9 pm

S. Tavares, Deputy

Jonathan Cataldo Bertonelli,
Name of Petitioner

And

Charles J. Ryan, et al.
Name of Respondent

## SUPERIOR COURT OF ARIZONA
## IN Maricopa COUNTY

Case No.: CV-2018-097313

SUMMONS

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

---

### FROM THE STATE OF ARIZONA TO: Kathleen Campbell
Name of Respondent

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   • **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   • **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   • **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**
   • **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    *   601 West Jackson, Phoenix, Arizona 85003
    *   18380 North 40th Street, Phoenix, Arizona 85032
    *   222 East Javelina Avenue, Mesa, Arizona  85210
    *   14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5   If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding  minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date       3/7/19

                                            CLERK OF COURT

By_____

Deputy Clerk

                                        V. MARTINEZ
                                        DEPUTY CLERK

*Several Summons, Complaint and Certificate of Arbitration*

ORIGINAL

Name of Person Filing: Jonathan C Bertanelli No. 47835
Your Address: P.O Box 3600
Your City, State, Zip Code: Buckeye, Arizona 85326
Your Telephone Number: N/A
ATLAS Number (if applicable): N/A
Attorney Bar Number (if applicable): N/A
Representing: ☒ Self (Without an Attorney)
Or Attorney for ☐ Petitioner    ☐ Respondent

CLERK OF THE SUPERIOR COURT
FILED
MAY 29 2019  319 pm
S. Tavares, Deputy

CLERK OF THE
SUPERIOR COURT
RECEIVED
2019 MAR 26 PM 5: 07
2019 MAY 28 PM 3: 19
FILED
BY S. TAVARES, DEP

# SUPERIOR COURT OF ARIZONA
## IN Maricopa COUNTY

Jonathan Cataldo Bertanelli
Name of Petitioner

And

Charles L. Ryan, et. al.
Name of Respondent

Case No.: CV-2018-097313

SUMMONS

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

FROM THE STATE OF ARIZONA TO: Corizon Health, Inc.
Name of Respondent

1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this "Summons".

2.  If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee.  If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint.  To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the:

    •   **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
    •   **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
    •   **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona  85210-6201 OR**
    •   **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

    **Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.**

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.   If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    •  601 West Jackson, Phoenix, Arizona 85003
    •  18380 North 40th Street, Phoenix, Arizona 85032
    •  222 East Javelina Avenue, Mesa, Arizona  85210
    •  14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding  minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the Judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the Judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date     3|9|19

CLERK OF COURT

By_____

Deputy Clerk

V. MARTINEZ
DEPUTY CLERK

*Served Summons, Complaint and Certificate of Arbitration*

CLERK OF THE SUPERIOR COURT
FILED
MAY - 9 2019   5:07pm
S. Tavares, Deputy

# MARICOPA COUNTY SHERIFF'S OFFICE
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

MAY -9 PM 5: 07

FILED
BY S. TAVARES, DEP

Jonathan Cataldo Bertanelli
vs.
Charles L Ryan, et al

STATE OF ARIZONA        )                CV2018-097313
                        ) ss.
County of Maricopa      )                19003445

I hereby certify that I received the within documents on the **26th** day of **April** A.D. **2019** at the hour of **8:56 AM,** and served the same on the **6th** day of **May** A.D. **2019** on **Charles L Ryan** being said defendant(s) named in said documents, by delivering to **Kelly Duddley, Legal Staff,** who is authorized to accept service, at **Work: Arizona Department of Corrections - Director 1601 W Jefferson Street, Phoenix, AZ 85007** at **11:25 AM** in the County of Maricopa, a copy of said **Summons, Verified Complaint, Plaintiff's Certificate Of Compulsory Arbitration.**

**Dated this 6th day of May A.D. 2019.**

Service    $16.00

Total      $16.00

PAUL PENZONE
Maricopa County Sheriff

J.P. Newman

By _____
Deputy J. Newman #S1277

B1087

CLERK OF THE SUPERIOR COURT
FILED
MAY – 9 2019
S o 1 pm
S. Tavares, Deputy

**MARICOPA COUNTY SHERIFF'S OFFICE**
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

2019 ... – 2 ... 5: 08

FILED
BY S. TAVARES, DEP

Jonathan Cataldo Bertanelli
vs.
Charles L Ryan, et al

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | CV2018-097313 |
| | ) ss. | |
| County of Maricopa | ) | 19003445 |

I hereby certify that I received the within documents on the **26th** day of **April A.D. 2019** at the hour of **8:56 AM,** and served the same on the **6th** day of **May A.D. 2019** on **Carson McWilliams** being said defendant(s) named in said documents, by delivering to **Yanez, Legal Staff,** who is authorized to accept service, at **Work: Arizona Department of Corrections - Division Director of Operations 1601 W Jefferson Street, Phoenix, AZ 85007** at **11:25 AM** in the County of Maricopa, a copy of said **Summons, Verified Complaint, Plaintiff's Certificate Of Compulsory Arbitration.**

**Dated this 6th day of May A.D. 2019.**

| | |
|---|---|
| Service   $16.00 | |
| Total      $16.00 | |

PAUL PENZONE
Maricopa County Sheriff

J.P. Newman

By _____
Deputy J. Newman #S1277

B1087

CLERK OF THE SUPERIOR COURT
FILED

MAY - 9 2019

~~~5:01 pm~~~

S. Tavares, Deputy

# MARICOPA COUNTY SHERIFF'S OFFICE 2019 MAY -X PM 5:07
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

Jonathan Cataldo Bertanelli
vs.
Charles L Ryan, et al

FILED
BY S. TAVARES, DEP

| STATE OF ARIZONA | ) | CV2018-097313 |
| County of Maricopa | ) ss. | |
| | ) | 19003445 |

I hereby certify that I received the within documents on the **26th** day of **April** A.D. **2019** at the hour of **8:56 AM**, and served the same on the **7th** day of **May** A.D. **2019** on **Corizon Health, Inc** being said defendant(s) named in said documents, by delivering to **Krikor Kalaydjian, Clerk, CT Corporation,** who is authorized to accept service, at **3800 North Central Avenue Suite 460, Phoenix, AZ 85012** at **1:55 PM** in the County of Maricopa, a copy of said **Summons, Verified Complaint, Plaintiff's Certificate Of Compulsory Arbitration.**

**Dated this 7th day of May A.D. 2019.**

| Service | $16.00 |
| Mileage | $16.00 |
| Total | $32.00 |

PAUL PENZONE
Maricopa County Sheriff

# 769

By _____
Deputy D. Doyle #S0769

B1087

CLERK OF THE SUPERIOR COURT
MAY - 9 2019   FILED
507 pm
S. Tavares, Deputy

**MARICOPA COUNTY SHERIFF'S OFFICE**
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

2019 MAY -9 PM 5:07

FILED
BY S. TAVARES, DEP

Jonathan Cataldo Bertanelli
vs.
Charles L Ryan, et al

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | CV2018-097313 |
| | ) ss. | |
| County of Maricopa | ) | 19003445 |

I hereby certify that I received the within documents on the **26th** day of **April A.D. 2019** at the hour of **8:56 AM,** and served the same on the **6th** day of **May A.D. 2019**on **Kathleen Campbell** being said defendant(s) named in said documents, by delivering to **Richard Pratt, Staff,** who is authorized to accept service, at **Work: Arizona Department of Corrections - Inmate Health Services 1601 W Jefferson Street, Phoenix, AZ 85007** at **11:55 AM** in the County of Maricopa, a copy of said **Summons, Verified Complaint, Plaintiff's Certificate Of Compulsory Arbitration.**

**Dated this 6th day of May A.D. 2019.**

| | |
|---|---|
| Service | $16.00 |
| Mileage | $16.00 |
| Total | $32.00 |

PAUL PENZONE
Maricopa County Sheriff

J.P. Newman
By _____
Deputy J. Newman #S1277

B1087

CLERK OF THE SUPERIOR COURT
FILED
MAY - 9 2019   5:08 pm
S. Tavares, Deputy

# MARICOPA COUNTY SHERIFF'S OFFICE
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

COPY
DOC                    RY
2019 MAY -9 PM 5: 08

FILED
BY S. TAVARES, DEP

Jonathan Cataldo Bertanelli
vs.
Charles L Ryan, et al

| STATE OF ARIZONA | ) | | CV2018-097313 |
| County of Maricopa | ) ss. ) | | 19003445 |

I hereby certify that I received the within documents on the **26th** day of **April A.D. 2019** at the hour of **8:56 AM,** and served the same on the **6th** day of **May A.D. 2019**on **Lawarence Ende** being said defendant(s) named in said documents, by delivering to **Alexa Pederson, HR,** who is authorized to accept service, at **Work: Corizon Health, Inc. - Nurse Practioner 950 W Elliot Road Ste 220, Tempe, AZ 85284** at **1:25 PM** in the County of Maricopa, a copy of said **Summons, Verified Complaint, Plaintiff's Certificate Of Compulsory Arbitration.**

**Dated this 6th day of May A.D. 2019.**

| | |
|---|---|
| Service   $16.00 | |
| Total   $16.00 | |

PAUL PENZONE
Maricopa County Sheriff

By _____
Deputy D. Matteson #S1343

B1087

CLERK OF THE SUPERIOR COURT
FILED
MAY - 9 2019  5:07pm
S. Tavares, Deputy

# MARICOPA COUNTY SHERIFF'S OFFICE

Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

Jonathan Cataldo Bertanelli
vs.
Charles L Ryan, et al

FILED
BY S. TAVARES, DEP

2019 MAY -9 PM 5:07

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | CV2018-097313 |
| | ) ss. | |
| County of Maricopa | ) | 19003445 |

I hereby certify that I received the within documents on the **26th** day of **April** A.D. **2019** at the hour of **8:56 AM,** and served the same on the **6th** day of **May** A.D. **2019** on **Richard Pratt** being said defendant(s) named in said documents, by delivering **to Richard Pratt** in person, at **Work: Arizona Department of Corrections - Division Director - Inmate Health Services 1601 W Jefferson Street, Phoenix, AZ 85007** at **11:55 AM** in the county of Maricopa, a copy of said **Summons, Verified Complaint, Plaintiff's Certificate Of Compulsory Arbitration.**

**Dated this 6th day of May A.D. 2019.**

| | |
|---|---|
| Service | $16.00 |
| Total | $16.00 |

PAUL PENZONE
Maricopa County Sheriff

J.P. Newman
By _____
Deputy J. Newman #S1277

B1087

ORIGINAL

19003445

2091310/211

SUPERIOR CCR #1
RECEIVED CCR #1
DOCUMENT REPOSITORY

2019 MAY 9 PM 5:08
19

FILED
BY S. TAVARES, DEP

**Name of Person Filing:** Jonathan C. Bestancelli No. 47835
**Your Address:** P.O. Box 3600
**Your City, State, Zip Code:** Buckeye, Arizona 85376
**Your Telephone Number:** N/A
**ATLAS Number (if applicable):** N/A
**Attorney Bar Number (if applicable):** N/A
**Representing:** ☒ Self (Without an Attorney)
Or Attorney for ☐ Petitioner ☐ Respondent

CLERK OF THE SUPERIOR COURT
FILED
MAY - 9 2019
508 pm
S. Tavares, Deputy

# SUPERIOR COURT OF ARIZONA
## IN Maricopa COUNTY

Jonathan Cataldo Bestanelli,
**Name of Petitioner**

And

Charles J. Ryan, et. al.
**Name of Respondent**

**Case No.:** CV-2018-6917313

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
**SUMMONS** 602-257-4434 or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.**
> **If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** Richard Pratt
**Name of Respondent**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 **OR**
   - Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 **OR**
   - Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 **OR**
   - Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.   If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    *   601 West Jackson, Phoenix, Arizona 85003
    *   18380 North 40ᵗʰ Street, Phoenix, Arizona 85032
    *   222 East Javelina Avenue, Mesa, Arizona  85210
    *   14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding  minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date                                    3|7|19

                                                              **CLERK OF COURT**

**Deputy Clerk**                              V. MARTINEZ
                                              DEPUTY CLERK

Served Summons, Complaint and Certificate of Arbitration

19003445

ORIGINAL

S. Tavares, Deputy

FILED
– 9 2019 8:08pm

CLERK OF THE SUPERIOR COURT

CLERK 209/210/211
SUPERIOR COURT
RECEIVED OCB #1
DOCUMENT DEPOSITORY

2019 MAY –9  PM 5: 08

FILED
BY  S. TAVARES, DEP

Name of Person Filing: __Jonathan C. Bertanelli, No. 47835__
Your Address: __P.O. Box 3600__
Your City, State, Zip Code: __Buckeye, Arizona 85326__
Your Telephone Number: __N/A__
ATLAS Number (if applicable): __N/A__
Attorney Bar Number (if applicable): __N/A__
Representing: ☒ Self (Without an Attorney)
               Or Attorney for ☐  Petitioner   ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## IN __Maricopa__ COUNTY

__Jonathan Cataldo Bertanelli,__
Name of Petitioner

And

__Charles L. Ryan, et. al.__
Name of Respondent(s)

Case No.: __CV-2018-097313__

SUMMONS

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

FROM THE STATE OF ARIZONA TO: __Lawarence Emde, N.P.__
                               Name of Respondent

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   • **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   • **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   • **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona  85210-6201 OR**
   • **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

Page 1 of 2

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    *   601 West Jackson, Phoenix, Arizona 85003
    *   18380 North 40th Street, Phoenix, Arizona 85032
    *   222 East Javelina Avenue, Mesa, Arizona 85210
    *   14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5   If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding  minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date:  3/7/19

CLERK OF COURT

V. MARTINEZ
DEPUTY CLERK

By_____
Deputy Clerk

*Served Summons, Complaint and Certificate of Arbitration*

1900445

209/210/211

CLERK OF THE SUPERIOR COURT
FILED

MAY - 9 2019   5:00 PM

S. Tavares, Deputy

**ORIGINAL**

2019 MAY -7

2019 MAY 09 PM 5:08

FILED
BY S. TAVARES, DEP

Name of Person Filing: Jonathan C. Bertonelli, No. 47835
Your Address: P.O. Box 3600
Your City, State, Zip Code: Buckeye, Arizona 85326
Your Telephone Number: N/A
ATLAS Number (if applicable): N/A
Attorney Bar Number (if applicable): N/A
Representing: ☑ Self (Without an Attorney)
               Or Attorney for  ☐ Petitioner   ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## IN Maricopa _____ COUNTY

Jonathan Cataldo Bertonelli,
Name of Petitioner

Case No.: CV-2018-097313

**SUMMONS**

And

Charles L. Ryan, et. al.
Name of Respondent

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.**
> **If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** Carson McWilliams
                                   Name of Respondent

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   - **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**
   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    *   601 West Jackson, Phoenix, Arizona 85003
    *   18380 North 40th Street, Phoenix, Arizona 85032
    *   222 East Javelina Avenue, Mesa, Arizona  85210
    *   14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding  minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date

3/7/19

CLERK OF COURT

V. MARTINEZ
DEPUTY CLERK

Served Summons, Complaint and Certificate of Arbitration

Jonathan C. Bertanelli No. 47835
ASPC-Lewis / Rast May HC5-01
P.O. Box 3600
Buckeye, Arizona 85326

CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON, DEP

19 APR 19  AM 9: 58

April 15, 2019

Arizona Superior Court (Maricopa County)
Attn: Chris DeRose, Clerk Of the Court
601 West Jackson Street
Phoenix, Arizona 85003

Re: Special Request And Staff Complaint
    Section
    Bertanelli v. Ryan, et. al.
    No. CV-2018-097313

Dear Mr. DeRose:
    This serves to lodge a complaint generally against your Deputy Clerk staff at the 201 W. Jefferson, Street Office. I have made repeated requests to your deputy clerks to "provide me with the name of the Superior Court Judge and Division of the Judge assigned to my above entitled action. Each request is ignored. Thus I am unable to file any pleadings in this action "because I cannot serve the assigned Judge as required by the Court rules due to your staff is deliberately not providing me the name and division of the Judge.
    Therefore, I request your intervention and request you to please provide me with the name of the Superior Court Judge assigned to this case and division number.
    Thank You
Regards,

Jonathan C. Bertanelli No. 47835

ASPC-Lewis / Rast Max 4C5-02

P.O. Box 3600

Buckeye, Arizona 85326

Plaintiff, appearing in propria persona:

CLERK OF THE
SUPERIOR COURT
RECEIVED SE COC MAIL
2019 MAR -7 PM 3: 17
FILED BY:_____V. MARTINEZ

Superior Court OF Arizona
Maricopa County

|  |  |
|---|---|
| Jonathan Cataldo Bertanelli, Plaintiff, | No. CV-2018-097313 |
| v. | Preicipi |
| Charles L. Ryan, et. al., Defendants | |

To: Clerk Of The Court:

The undersigned plaintiff, appearing in propria persona, hereby requests the Office Of the Clerk of this Court to issue Nine (9) summons in the above entitled action.

Respectfully Submitted this 1st day of March, 2019

By: 

JONATHAN C. BERTANELLI
Plaintiff, propria persona

Jonathan C. Bertanelli, No. 47835
ASPC Lewis / Rast Max 4C5-0I
P.O. Box 3600
Buckeye, Arizona 85236

December 28, 2018

CHRIS DEROSE, CLERK
BY
K. WHITSON, FILED

19 JAN -8 AM 8: 38

Urgent

Attention

Clerk, Chris DeRose, Clerk Of the Court
Maricopa County Superior Court
601 West Jackson Street
Phoenix, Arizona 85003

CV2018-097313

   Re: Complaint Against Your Clerk's For Deliberately
       Not Filing My Civil Case And Not Returning
       A File Stamped Copy After I Enclosed A
       Self Addressed Pre Paid Envelope For The
       Return.
          Sub Nom:
       the Case Name:
          Jonathan Cataldo Bertanelli VS. Charles I Ryan, et. al.
       (there are numerous Defendants and 100 John / Jane
       Does).


Dear Clerk DeRose:
       I am not pleased with your Deputy Clerk's staff. I do not
know what exactly your staff's problem is, But I strongly
suggest and recommend that you exercise your Supervisory
authority and Direct your Deputy clerk to immediately locate
file and forthwith return my conformed file stamp copy
thereof."
       I have a "Statutory deadline Statute of limitation. I
clearly stated that in my letter. and you must clerk's
ignore that and deliberately still delay the filing thereof.
this is not just incompression but fraudelent By your
own staff perpetrateg a fraud upon this Court in the purposefuly
not filing my civil with the Court.
       there is absolutely no justifiable reason for any delay
in the filing all documents were properly submitted including

-1-

the notarized Application for Waiver and Referral of Court
filing fees.

I need a file stamp copy to prove the filing before my
statute of limitations. I don't care about the service of
process orders they can be several days late. But not the
filing of the complaint.

I would appreciate your immediate attention to this
matter and filing of this complaint. It has been pending
filing for over a month.

Thank You

Justin Beckett

CHRIS DEROSE, CLERK
BY *K Whitson*  DEP
K. WHITSON, FILED

18 DEC 18 AM 11:47

Person Filing: *Jonathan C Bertanelli No 47835*
Address (if not protected): *PO Box 3600*
City, State, Zip Code: *Buckeye, AZ 85236*
Telephone:
Email Address:
Lawyer's Bar Number:

Representing  ☐ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

*Jonathan C Bertanelli*
**Name of Petitioner/Plaintiff**

Case Number: **CV 2018-097313**

**ORDER REGARDING DEFERRAL OR WAIVER
OF COURT FEES AND COSTS AND
NOTICE REGARDING CONSENT JUDGMENT**

*Charles L Ryan et al*
**Name of Respondent/Defendant**

---

**NOTE: ONLY FILL OUT THE ABOVE INFORMATION. THE COURT WILL FILL OUT
THE REST OF THE FORM.**

---

**THE COURT FINDS** that the applicant (print name)_____:

1. ☐ IS NOT ELIGIBLE FOR A DEFERRAL of fees and costs.
   **OR**
2. ☑ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on financial eligibility. As required by state law, the applicant has signed a consent to entry of judgment.
   **OR**
3. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs at the court's discretion (A.R.S. § 12-302(L)).
   **OR**
4. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on good cause shown. As required by state law, the applicant has signed a consent to entry of judgment.
   **OR**
5. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs because the applicant is permanently unable to pay.
   **OR**
6. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs at the court's discretion (A.R.S. § 12-302(L)).
   **OR**
7. ☐ IS NOT ELIGIBLE FOR A WAIVER of fees and costs.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED          Page 1 of 3          GNF18f - 071017
                                                   Use current version

Case Number: _____

## IT IS ORDERED:

☐ **DEFERRAL IS DENIED** for the following reason(s):

    ☐ The application is incomplete because _____

    **You are encouraged to submit a complete application.**

    ☐ The applicant does not meet the financial criteria for deferral because _____

    **A deferral MUST BE granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; presents documentation they are currently receiving services from a non-profit legal services organization; has an income that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.**

☒ **DEFERRAL IS GRANTED** for the following fees and costs in this court:

    ☒ Any or all filing fees; fees for the issuance of either a summons and subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

    ☒ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

    ☐ Fees for service by publication.

    ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

    ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

    **IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

    ☒ **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

    ☐ **SCHEDULE OF PAYMENTS.**
    The applicant shall pay $_____ each _____ (week, month etc.) until paid in full, beginning _____.

☐ **WAIVER IS DENIED** for all fees and costs in this case.

☐ **WAIVER IS GRANTED** for all fees and costs in this case that may be waived under A.R.S. § 12-302(H).

    ☐ Any or all filing fees; fees for the issuance of either a summons or subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

    ☐ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

    ☐ Fees for service by publication.

    ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

    ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

Case Number: _____

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

A. Fees and costs are taxed to another party;

B. The applicant has an established schedule of payments in effect and is current with those payments;

C. The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;

D. In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or

E. Within twenty (20) days of the date the court denies the supplemental application, the applicant either:

    1. Pays the fees and costs; or,

    2. Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply.

If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

DEC 1 8 2018

DATED: _____

☑ Judicial Officer   ☒ Special Commissioner

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 3 of 3

GNF18f - 071017
Use current version



CHRIS DEROSE, CLERK
BY _K. Whitson_ DEP
K. WHITSON, FILED

18 DEC 18 AM 11: 47

Person Filing: _Jonathan C Bertonelli No 47835_
Address (if not protected): _P.O. Box 3600_
City, State, Zip Code: _Buckeye, AZ 85326_
Telephone: _____
Email Address: _____
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN _____ COUNTY

CV2018-097313

_Jonathan C Bertonelli_
**Name of Petitioner/Plaintiff**

Case Number: _____

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR DEFERRAL OR WAIVER OF SERVICE OF
PROCESS FEES

_Charles L Ryxen, et al_
**Name of Respondent/Defendant**

STATE OF ARIZONA  )
COUNTY OF _Maricopa_  ) ss.

**NOTE: FILL OUT THIS FORM ONLY IF YOU REQUESTED DEFERRAL OR WAIVER OF SERVICE COSTS IN THE APPLICATION. YOU MUST HAVE ATTEMPTED PERSONAL SERVICE OR HAVE A VALID REASON FOR NOT DOING SO. SERVICE BY PUBLICATION IS USED AS A LAST RESORT.**

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I have requested a deferral or waiver of the following fees in my case:

☒ **Fees for service of process by a sheriff, marshal, constable, or law enforcement agency:** In support of my request, I state that (check and complete any that apply):

☒ I have attempted to obtain voluntary acceptance of service of process without success on the person to be served.

[ ] It would be useless or dangerous for me to try to obtain voluntary acceptance of service by the person to be served because (explain):

_____

_____

[ ] An enforceable injunction against harassment has been granted to me against the person to be served.

© Superior Court of Arizona in _____ County        GNF21f - 090114
ALL RIGHTS RESERVED          Page 1 of 2        Use current version

Case Number: _____

[ ] **Fees for publication:** In support of my request, I state that I have attempted to locate the person to be served but I have been unable to locate that person (check and complete any that apply):

[ ] This is what I did to try to find the other party (explain): *N/A*

_____

_____

[ ] I have contacted the person(s) listed below to try to find the location of the other party.

| NAME | ADDRESS |
|------|---------|
|      | *N/A*   |

_____

## OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: *11/19/18*

Signature: _____

*JONATHAN E BERTAWELLI*
Applicant's Printed Name

## INFORMATION FOR SERVICE

**You must provide the following information:**

To the best of my knowledge, as of (date) _____, the last known address of the person to be served as: _____

CHRIS DEROSE, CLERK

BY ~~[signature]~~ DEP

K. WHITSON, FILED

**18 DEC 18 AM 11: 59**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

__JONATHAN E BERTANELLI__
**Name of Petitioner/Plaintiff.**

**CASE NO.** __CV2018-097313__

**ORDER FOR ASSESSMENT AND COLLECTION OF INMATE COURT FEES AND COSTS**

__CHARLES RYAN ET AL__
**Name of Respondent/Defendant.**

**THE COURT FINDS** that **JONATHAN E BERTANELLI**, DOC number **#47835**, is an inmate confined to a correctional facility operated by the Arizona State Department of Corrections who has initiated a civil action or proceeding, other than an action or proceeding for dissolution of marriage, legal separation, or annulment or establishment, enforcement or modification of child support. The amount of fees and costs due to date is **$363.00**. (OR ALTERNATIVELY: "A STATEMENT OF FEES and COSTS DUE IS ATTACHED.") In accordance with A.R.S. § 12-302(E),

**IT IS ORDERED** that a first time payment of twenty percent (20%), **$72.60**, is assessed as a partial payment of the amount due. If monies exist, the State Department of Corrections shall deduct this amount from the inmate's spendable account and remit it to the court.

**IT IS FURTHER ORDERED** that the clerk of the court shall forward to the State Department of Corrections an updated accounting of the amount of actual court fees and costs.

**IT IS FURTHER ORDERED** that the State Department of Corrections shall withhold twenty percent (20%) of all deposits in the inmate's spendable account until the actual court fees and costs are collected in full and shall annually forward any monies collected to this court. Upon the inmate's release, the State Department of Corrections shall forward the amount of fees and costs collected through the date of the release and the inmate's current mailing address to the following address:

Clerk of Superior Court
Deferral and Billing Unit
201 W. Jefferson St.
Phoenix, AZ 85003-2291

**IT IS FURTHER ORDERED** that a copy of this order be mailed to the State Department of Corrections, Bureau of Business and Finance and to the inmate personally.

DATED: __12/18/18__

~~[signature]~~

☐ Judicial Officer     ☒ Special Commissioner

**OFF**

CHRIS DEROSE, CLERK
BY *[signature]* DEP
K. WHITSON, FILED
18 DEC 18 AM 11:50

Person Filing: *Jonathan C Bertanelli No 47835*
Address (if not protected): *P O Box 3600*
City, State, Zip Code: *Buckeye, AZ 85326*
Telephone:
Email Address:
Lawyer's Bar Number:

Representing ☑ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN                       COUNTY

*Jonathan C Bertanelli*
**Name of Petitioner/Plaintiff**

Case Number: **CV2018-097313**

**APPLICATION FOR DEFERRAL OR WAIVER
OF COURT FEES OR COSTS AND CONSENT
TO ENTRY OF JUDGMENT**

*Charles Ryan, et al.*
**Name of Respondent/Defendant**

**STATE OF ARIZONA** )
**COUNTY OF** *Maricopa* ) ss.

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I am requesting a deferral or waiver of all fees including: filing a case, issuance of a summons or subpoena, the cost of attendance at an educational program required by A.R.S. § 25-352, one certified copy of a temporary order in a family law case, one certified copy of the court's final order, preparation of the record on appeal, court reporter's fees of reporters or transcribers, service of process costs, and/or service by publication costs. (I have completed the separate Supplemental Information form if I am asking for service of process costs, or service by publication costs.) I understand that if I request deferral or waiver because I am a participant in a government assistance program, I am required to provide proof at the time of filing. The document(s) submitted must show my name as the recipient of the benefit and the name of the agency awarding the benefit. **Note.** All other applicants must complete the financial questionnaire beginning at section 3. If you are a participant in one of the programs in section 1 or 2 (below), you do not need to complete the financial questionnaire, and can proceed to the signature page.

1. ☑ **DEFERRAL:** I receive government assistance from the state or federal program marked below or I am represented by a not for profit legal aid program: *I can repay after release in September 2019.*
   ☐ Temporary Assistance to Needy Families (TANF)
   ☐ Food Stamps
   ☐ Legal Aid Services          *Indigent now.*

2. ☐ **WAIVER:**
   ☐ I receive government assistance from the federal Supplemental Security Income (SSI) program.

Case Number: _____

3. **FINANCIAL QUESTIONNAIRE**
   **SUPPORT RESPONSIBILITIES.** List all persons you support (including those you pay child support and/or spousal maintenance/support for):

   NAME                          RELATIONSHIP
   _Jonathan Bertanelli_         _self_
   _____       _____
   _____       _____

**STATEMENT OF INCOME AND EXPENSES**

   Employer name: _N/A_
   Employer phone number: _N/A_
   [ ] I am unemployed (explain): _An ADOC person will NOT be_
   _release ented September 75, 2019._

   My prior year's gross income:                                    $ _0.00_

**MONTHLY INCOME**

   My total monthly gross income:                                   $ _0.00_
   My spouse's monthly gross income (if available to me):           $ _0.00_
   Other current monthly income, including spousal maintenance/support,
   retirement, rental, interest, pensions, and lottery winnings:    $ _0.00_

   **TOTAL MONTHLY INCOME**                                         $ _0.00_

**MONTHLY EXPENSES AND DEBTS:** My monthly expenses and debts are:

|                              | PAYMENT AMOUNT | LOAN BALANCE |
|------------------------------|----------------|--------------|
| Rent/Mortgage payment        | $ _0.00_       | $ _0.00_     |
| Car payment                  | $ _0.00_       | $ _0.00_     |
| Credit card payments         | $ _0.00_       | $ _0.00_     |
| Explain: _____         |                |              |
| Other payments & debts       | $ _0.00_       | $ _0.00_     |
| Household                    | $ _0.00_       |              |
| Utilities/Telephone/Cable    | $ _0.00_       |              |
| Medical/Dental/Drugs         | $ _0.00_       |              |
| Health insurance             | $ _0.00_       |              |
| Nursing care                 | $ _0.00_       |              |
| Tuition                      | $ _0.00_       |              |
| Child support                | $ _0.00_       |              |
| Child care                   | $ _0.00_       |              |
| Spousal maintenance          | $ _0.00_       |              |
| Car insurance                | $ _0.00_       |              |
| Transportation               | $ _0.00_       |              |
| Other expenses (explain)     | $ _0.00_       |              |

   **TOTAL MONTHLY EXPENSES**                                       $ _0.00_

Case Number: _____

**STATEMENT OF ASSETS:** List only those assets available to you and accessible without financial penalty.

| | ESTIMATED VALUE |
|---|---|
| Cash and bank accounts | $ 0.00 |
| Credit union accounts | $ 0.00 |
| Other liquid assets | $ 0.00 |
| **TOTAL ASSETS** | $ 0.00 |

**The basis for the request is:**

4. ☒ **DEFERRAL:**

   A. ☒ My income is insufficient or is barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and costs that are required to gain access to the court. My gross income as computed on a monthly basis is 150% or less of the current federal poverty level. (Note: Gross monthly income includes your share of community property income if available to you.)

   **OR**

   B. ☒ I do not have the money to pay court filing fees and/or costs now. I can pay the filing fees and/or costs at a later date. **Explain.**

   _after release from ADOC Prison September 22, 2019_

   **OR**

   C. ☐ My income is greater than 150% of the poverty level, but have proof of extraordinary expenses (including medical expenses and costs of care for elderly or disabled family members) or other expenses that reduce my gross monthly income to 150% or below the poverty level.

   **DESCRIPTION OF EXPENSES**   _N/A_          **AMOUNT**
   
   $ _____
   $ _____
   $ _____

   **TOTAL EXTRAORDINARY EXPENSES**          $ _____

5. ☒ **WAIVER:**

   I am permanently unable to pay. My income and liquid assets are insufficient or barely sufficient to meet the daily essentials of life and are unlikely to change in the foreseeable future.

---

**IMPORTANT**

This *"Application for Deferral or Waiver of Court Fees or Costs"* includes a *"Consent to Entry of Judgment."* By signing this Consent, you agree a judgment may be entered against you for all fees and costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment. At the conclusion of the case you will receive a *Notice of Court Fees and Costs Due* indicating how much is owed and what steps you must take to avoid a judgment against you if you are still participating in a qualifying program. You may be ordered to repay any amounts that were waived if the court finds you were not eligible for the fee deferral or waiver. If your case is dismissed for any reason, the fees and costs are still due.

---

Case Number: _____

**CONSENT TO ENTRY OF JUDGMENT.** By signing this Application, I agree that a judgment may be entered against me for all fees or costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment.

## OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

Date 11/26/18

Signature

JOWATHAW C BERTAWELLI
Applicant's Printed Name

Date 11-26-2018

Judicial Officer, Deputy Clerk or Notary Public

My Commission Expires/Seal: 11-29-2019

OFFICIAL SEAL
ALLEN W. HARTZELL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 29, 2019

© Superior Court of Arizona in
ALL RIGHTS RESERVED
ADW

County

Page 4 of 4

GNF11f - 060115
Use current version

**In the Superior Court of the State of Arizona**

CV2018-097313

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney _Proper (self)_

Attorney Bar Number _N/A_

CHRIS DEROSE, CLERK
BY _Whitson_ DEP

Is Interpreter Needed? ☐ Yes ☐ No
If yes, what language: WHITSON, FILED

**18 DEC 18 AM 11: 50**

Plaintiffs's Name(s):  (List all),      Plaintiff's Address:      Phone #:      Email Address:

_Jonathan E Bertonelli  No 47835_    _N/A_      _N/A_
_P.O Box 3600, Buckeye AZ 85236_
_N/A_

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)
_Charles Ryan; Richard Pratt; Jeffrey Hood; carson McWilliams; Kathleen_
_Campbell; wesley Black; Julie Barnett; Lawrence Ercle; carson Health_

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ 136 Six to Nineteen Structures
    ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
    (A.R.S. §23-212)

Case No._____

☐180 Injunction against Workplace Harassment
☐181 Injunction against Harassment
☐182 Civil Penalty
☐186 Water Rights (Not General Stream Adjudication)
☐187 Real Property
☐ Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
☐194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

☐ Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
☐150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax
  Court)
☐155 Declaratory Judgment
☐157 Habeas Corpus
☐184 Landlord Tenant Dispute- Other
☐190 Declaration of Factual Innocence
  (A.R.S. §12-771)

☐191 Declaration of Factual Improper Party Status
☐193 Vulnerable Adult (A.R.S. §46-451)
☐165 Tribal Judgment
☐167 Structured Settlement (A.R.S. §12-2901)
☐169 Attorney Conservatorships (State Bar)
☐170 Unauthorized Practice of Law (State Bar)
☐171 Out-of-State Deposition for Foreign Jurisdiction
☐172 Secure Attendance of Prisoner
☐173 Assurance of Discontinuance
☐174 In-State Deposition for Foreign Jurisdiction
☐176 Eminent Domain– Light Rail Only
☐177 Interpleader– Automobile Only
☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐183 Employment Dispute- Discrimination
☐185 Employment Dispute-Other
☐196 Verified Rule 45.2 Petition
☐195(a) Amendment of Marriage License
☐195(b) Amendment of Birth Certificate
☒163 Other _Civil Rights 42 USC § 1983_
  (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:
(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _100,000,000 00_   ☐ Tier 1   ☐ Tier 2   ☐ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC   ☐ Election Challenge
☐ Employer Sanction   ☐ Other (Specify) _N/A_

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/. _N/A_

**Additional Plaintiff(s):**
_N/A_
_____

**Additional Defendant(s):**
_Does I – 100, Inclusive_
_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 070118

# public_csc8

Job : GetDocument.ashx.pdf

Host : COCM7527P

Date : 2019/05/22

Time : 11:26

CHRIS DEROSE, CLERK
BY _____ DEP
K. WHITSON, FILED

18 DEC 18 AM 11: 50

Jonathan C. Bertanelli No. 47835
ASPC-Lewis / Rast Max 4C5-02
P.O. Box 3600
Buckeye, Arizona 85236

Plaintiff, appearing in ~~propria persona~~.

Superior Court Of The State Of Arizona
Maricopa County

| | |
|---|---|
| Jonathan C. Bertanelli, <br> Plaintiff, <br><br> vs. <br><br> Charles Ryan, et. al., <br> Defendants | No. _____ CV2018-097313 <br><br> Plaintiff's Certificate Of <br> Compulsory Arbitration <br><br> (AR Civ. P. Rule 72 et. al.) |

    The undersigned plaintiff, appearing in ~~propria persona~~, certifies that he knows the dollar limit and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this action is not subject to compulsory arbitration, as provided in Rules 72 through 77, of the Arizona Rules of Civil Procedure.
    Dated this 27th day of November, 2018,

//

-1-

By: _____

JONATHAN C. BERTANELLI.

Plaintiff; propria persona.

## Certificate Of Service

The undersigned plaintiff hereby certifies that the foregoing Certificate of Compulsory Arbitration was served upon each Defendant in this action at time of service of the complaint pursuant Rules 72 through 77, AR Civ.P.

Dated this 22 day of November, 2018.

_____

JONATHAN C. Bertanelli.

Plaintiff; propria persona

-2-

# public_csc8

Job : GetDocument.ashx.pdf

Host : COCM7527P

Date : 2019/05/22

Time : 11:26

Jonathan C. Bertanelli, No. 47835
ASPC-Lewis / Rast Max 4C5-02
P.O. Box 3600
Buckeye, Arizona 85326

Plaintiff, appearing in propria persona:

CHRIS DEROSE
Clerk of the Superior Court
By Kim Whitson, Deputy
Date 12/18/2018 Time 11:53:44

| Description | Amount |
|---|---|
| CASE# CV2018-097313 | |
| CIVIL NEW COMPLAINT | 333.00 D |
| TOTAL AMOUNT | 0.00 |
| Receipt# 26951889 | |

Superior Court For The State Of Arizona
County Of Maricopa

Jonathan Cataldo Bertanelli,
      Plaintiff,

Case No.    CV2018-097313

vs.

Charles Ryan, Director, Arizona
Department Of Corrections, (ADOC);
Jeffery Hood, Deputy Director,
ADOC; Carson McWilliams, Director,
Bureau Of Offender Services, ADOC;
Richard Pratt, Division Director,
Division Of Health Services,
ADOC; Kathleen Campbell, RN,
Administrator Contract Health
Services, Division Health Services,
ADOC; Corizon Health, Inc, a
Delaware Corporation doing
business in Arizona; Cindy

Verified
Complaint

- 1 -

Black, Corizon Vice President Of
Operations - Arizona; Julie
Barnett, MD, Corizon Medical
Director and Provider; Law-
arence Ende, NP, Corizon Med-
ical Provider; John / Jane
Does, I - 50, ADOC Employees;
Jane Doe, 51, Corizon Medical
Release Personnel; John and
Jane Does, 52 - 60, Corizon
Medical Providers; John
and Jane Doe, 61 - 80, Cori-
jon Medical Administra -
tive Personnel; John and
Jane Does, 81 - 100, Corijon
Medical Personnel,
                    Defendants.

## Nature Of The Action

Plaintiff seeks monetary damages and declaratory
relief against Defendants in their individual and official
capacities. Plaintiff at all times herein was an inmate
physically incompaciated with extreme permenant phy-
sical disabilities requiring mandatory ADOC Infirm-
ary Medical Housing with 24 hour c/physical nurse
assistance to provide him with his daily life sustaining

- 2 -

medical and physical needs, (hereinafter "Plaintiff's incapacitated physical disability state). In 2009, upon Plaintiff's commitment he was placed in ADOC Infirmary Medical Housing due to his incapacitated physical disability state. Mr. Bertanelli has been sent to numerous hospitals and ADOC contracted physicians over the ten year term of his incarceration whom all verified his incapacitated physical disability state and his need for 24 hour physical nurse assistance and infirmary medical housing to recieve his life sustaining needs.

In 2016, ADOC and Corizon Health conspiratorially and fraudulently discharged Plaintiff from the ADOC Infirmary Unit for non-medical Corizon corporate financial reasons and placed him in a non medical detention unit ADA isolation cell; denying him total physical nurse assistance- knowing he could not self physically perform any of his life sustaining needs. Defendants refused to rehouse him in the ADOC departmental required and perscribed Infirmary unit. Defendant Charles Ryan agreed to a settlement in Parsons et.al. vs. Ryan, et.al., a class action emcompassing Plaintiff which required the proper ADOC Infirmary Medical Housing and physical nurse assistance due to his physical incapacitated disability state. As the result, the Plaintiff has suffered extreme life threatening harm, physical injury, mental anguish and emotional distress. Plaintiff seeks monetary damages.

-3-

## Jurisdiction

1. This Court has jurisdiction over this action because it is not otherwise provided for (Ariz. Const. Art. 6 Sec 14 (II)).

2. Plaintiff is a prisoner under the care, custody and control of the Arizona Department of Corrections. This action arises under the Parsons et.al. v. Ryan et.al., settlement agreement and 42 U.S.C. Section 1983.

3. Plaintiff seeks monetary damages and declaratory relief.

## Defendants

4. Charles Ryan, Director ADC. Defendant Charles Ryan is and was at all pertinent times, the Director of the Arizona Department of Corrections (ADC), and he is sued here in his individual and official capacity.

5. Mr. Ryan is responsible for establishing, monitoring and enforcing overall operations, policies and practices of the Arizona state prison system, which includes providing appropriate medical care to inmates in state custody. A.R.S §§ 31-201, 41-1604 (A), 41-1608.

6. Mr. Ryan is responsible for overseeing the work and decisions of the contract medical providers, including Defendant Corizon Health, Inc. and its staff.

7. At all times relevant Mr. Ryan acted under color of state law.

8. Jeffery Hood, Deputy Director ADC. Defendant Jeffery Hood is and was at all times pertinent, the Deputy Director

-4-

of ADOC and he is sued here in his individual and official capacity.

9. Mr. Hood is responsible for enforcing and monitoring overall operations, policies and practices of Arizona State prison system, which includes providing appropriate medical care to inmates.

10. Mr. Hood is responsible for overseeing the work and decisions of the contract medical providers, including Defendant Corizon Health, Inc. and its staff.

11. At all times relevant Mr. Hood acted under color of state law.

12. Carson McWilliams, Division Director, Bureau of Offenders Services, ADOC. Defendant Carson McWilliams is and was at all times pertinent the Division Director aforesaid and he is sued he is sued here in his individual and official capacity.

13. Mr. McWilliams is responsible for enforcing and monitoring overall operations, policies and practices of the Arizona state prison system, which includes providing appropriate medical care to inmates in state custody.

14. Mr. McWilliams is responsible for overseeing the work and decisions of contract medical providers, including Defendant Corizon Health, Inc. and its staff.

15. At all times relevant Mr. McWilliams acted under color of state law.

16. Richard Pratt, Division Director, Division of Health Services, ADOC. Defendant Richard Pratt is and was at all

-5-

times pertinent the Division Director, Division of Health Services, ADOC. Defendant Richard Pratt is and was at all times pertinent the Division Director aforesaid and he is sued here in his individual and official capacity.

17. Mr. Pratt is responsible for establishing, monitoring and enforcing overall operations, policies and practices of the Arizona state prison system regarding medical care to inmates in state custody.

18. Mr. Pratt is responsible for directly overseeing the work and decisions of all contract medical providers, including Defendant Corizon Health, Inc. and its staff.

19. At all times relevant Mr. Pratt acted under the color of state law.

20. Kathleen Campbell, RN., Administrator Contract Health Services, Division Health Services, ADOC. Defendant Kathleen Campbell is and was at all times pertinent the aforesaid Administrator and she is sued here in her individual and official capacity.

21. Ms. Campbell is responsible for enforcing and monitoring overall operations, policies and practices of the Arizona state prison system, which specifically includes providing appropriate medical care and infirmary housing to inmates in state custody.

22. Ms. Campbell is expressly responsible for overseeing the work and decisions of contract medical providers, including Defendant Corizon Health, Inc. and its staff.

23. At all times relevant Ms. Campbell acted under

-6-

color of state law.

24. Corizon Health, Inc. ("Corizon") is a Delaware Corporation authorization to do and doing business in Arizona.

25. Corizon has contracted with ADOC to provide medical care and treatment to those housed in ADOC prisons.

26. Corizon's responsibilities include providing ADOC Infirmary medical housing for inmates physically incapacitated with permanent physical disabilities requiring mandatory ADOC infirmary housing with 24 hour physical nurse assistance to provide them with their daily life sustaining medical and physical needs to those housed in Arizona prisons.

27. Corizon acts pursuant to the customs, rules and regulations promulgated by Mr. Ryan.

28. Mr. Ryan has actual knowledge that Corizon has a documented history of failing, refusing and fraudulently discharging Plaintiff on previous occasions unrelated to this complaint and other inmates housed in Arizona prisons from ADOC infirmaries who are physically incapacitated with permanent disabilities unable to self perform their daily life sustaining medical and physical needs for non medical Corizon corporate financial reasons.

29. Cindy Black, Corizon Vice President of Operations for Arizona. Defendant Cindy Black is and was at all times pertinent the Corizon Vice President of Operations and she is sued in her individual and corporate official capacity.

30. Ms. Black is responsible for establishing, monitoring and enforcing overall corporate operations, policies and

— 7 —

practices of Corizon regarding their medical care provided to inmates in the Arizona state prisons.

31. Ms. Black is responsible for directly overseeing the work and decisions of all Corizon contract medical providers and its staff regarding providing medical care and treatment to inmates in Arizona prisons, including Corizon provides admission and discharges of inmates from ADOC Infirmary Units.

32. At all times relevant Ms. Black acted under the color of state law pursuant to the ADOC / Corizon contract.

33. Julie Barnett, MD, Corizon Medical Provider. Defendant Julie Barnett is and was at all times pertinent a Corizon Medical Provider and she is sued in her individual and corporate official capacity.

34. Ms. Barnett, MD, is and was the Corizon Medical Director for the ADOC - ASPC-Lewis complex and medical provider therefore, including the ADOC / ASPC-Lewis Complex Infirmary Unit.

35. Ms. Barnett, MD, is responsible for monitoring and enforcing overall Corizon corporate operations, policies and practices of Corizon regarding their medical care and treatment provided to inmates in the Arizona state prisons and that they conform to ADOC customs, policies and regulations per the ADOC / Corizon contract.

36. Ms. Black is responsible for directly overseeing her own work and decisions and of all other Corizon

-8-

contract medical providers under her jurisdiction and her staff regarding providing medical care and treatment, including all admissions and discharges of all inmates from the ASPE-Lewis complex Infirmary Unit and for their conformity to ADOC customs, policies and regulations pursuant to the ADOC / Corizon contract.

37. At all times relevant Ms. Barnett acted under the color of state law pursuant to the ADOC / Corizon contract.

38. Lawerance Ende, NP, Corizon medical provider. Defendant Lawerance Ende is and was at all times pertinent a Corizon medical provider and he is sued in his individual and corporate official capacity.

39. Mr. Ende is and was a Corizon medical provider at the (ADOC) ASPE-Lewis Complex Infirmary and Rast Max Unit thereof.

40. Mr. Ende is responsible to provide medical care and treatment to inmates pursuant to Corizon corporate policies and in conformance with ADOC custom, policies and regulations within his jurisdiction, including all admissions and discharges of all inmates from the ASPE-Lewis complex Infirmary and for there conformity therewith.

41. At all times relevant Mr. Ende acted under the color of state law pursuant to the ADOC / Corizon contract.

42. John / Jane Does, I-50, Unknown ADOC employees. John / Jane Does I-50, ADOC employees whose names are not known at this time, who had actual knowledge of

-9-

the failure/refusal to provide Plaintiff with his manda-
tory ADOC infirmary medical housing, and deliberated
acquiesced in the failure and refusal to do so. The names
will be added as soon as they are known.

46. Jane Doe, 51 Unknown Corizon employee. Jane
Doe 51, is and was Corizon Medical Release Personnel,
who knew Plaintiff was actually pericribed ADOC in-
firmary medical housing and was fraudulently dis-
charged therefrom, and decieded deny the fraudulent
dicharge for Plaintiff's releace to nursing home. The
name will be added as soon as it known.

47. John/Jane Does, 52-60, Unknown Corizon Medical
Providers. John/Jane Does, 52-60, are and were Corizon
Medical Providers, who knew Plaintiff was fraudulently
discharged from the ADOC Infirmary Unit by their superior
Corizon Medical Director-Defendant Barnett, and deliber-
ately acquiesced in the failure/refusal to reperscribe
and rehouse Plaintiff in the required ADOC Infirmary
Unit. The names will be added as soon as they are
known.

48. John/Jane Doe, 61-80, Unknown Corizon employees.
John/Jane Does, 61-80, are Corizon Medical Administra-
tors, who knew Plaintiff was fraudulently discharged
from the ADOC Infirmary Unit by subordinate Corizon
Medical Director-Defendant Barnett, and deliberately
acquiesced in the failure/refusal to reperscribe and
rehouse Plaintiff in the required ADOC Infirmary

unit. The names will be added as soon as they are known.

49.   John/Jane Doe's, 81-100, Unknown Corizon employees. John/Jane Does, 81-100, are Corizon Medical Personnel, who knew Plaintiff was fraudulently discharged from the ADOC Infirmary Unit by corizon medical Director - Defendant Barnett, and deliberately acquiesced in the failure/refusal to represcribe/rehouse Plaintiff in the required ADOC infirmary unit.

### General Allegations
### (All Defendants)

50.   Pursuant to ADOC Policy, the department provides inmates with physical disabilities with (N)on medical unit housing in ADA equipped handicapp cells in all custody classification and detention units, for only physically functionable independant living inmates whom do (N)ot require any medical (p)physical nurse assistance to perform any of the inmates daily life sustaining needs. 71. (Emphasis).

//

71   Under the Policy, the inmate must be physically able to safely and independantly (S)elf perform the following daily life sustaining needs without physical nurse assistance to: (a) transfers to and from bed, wheelchair, toilet, shower chair; (b) operate manual wheelchair; (c) use cane, walker or other mobile equipment device; (d) access in cell water; (e) access food in cell or dining hall meals; (f) eat; (g) shower, wash, shave, dental hygiene and other personal self care; (h)

—11—

51. Pursuant to ADOC Policy, the department requires that an inmate with an incapacitated physical disability, who requires 24 hour medical (p)hysical nurse a(s)sistance to perform an inmates daily life sustaining needs, 21, in any custody classification or detention unit:

(a) The inmate m(u)st be involentarily classified and housed by ADOC administration in an ADOC medical Infirmary unit, (Id).

(b) ADOC initially requires their ADOC subcontractor Corizon and it's providers to evaluate an inmates incapacitated physical disability and need for 24 hour physical nurse a(s)sistance to perform an inmates daily life sustaining needs for temporary or permanent housing placement in the ADOC Infirmary operated by Corizon, (Id).

(c) Upon Corizon's initial determination of an inmates need for medical housing placement then ADOC administration classifies and houses an inmate at the Infirmary unit, (Id).

(d) Per the Policy, Corizon may only deny an inmates initial placement or (d)ischarge from an ADOC Infirmary unit upon the actual medical and physical finding that an inmate can safely and independantly (s)elf (p)hysically dress; (1) undress; (g) access in cell or out of cell medication; (K) perform all other Keep On Person (KOP) medical treatments (e.g. catheters, Adult Briefs; Medical compression stockings; breathing treatments, ect.

-12-

perform all of an inmates daily life sustaining needs with-
out any nurse physical assistance supported by medical
evidence (prior to an inmates discharge, (Id) (Emph-
asis Added).

(e) Per the Policy, ADOC retains the inherent contractual
supervisory right over Corizon to administratively review,
order independant medical evaluations, superceed, revise
any decision of Corizon either denying the initial placement of
or (D)ischarging an inmate to or from an ADOC Infirmary
Unit, based upon an arbitrary or fraudulent decision by
Corizon not supported by medical evidence that an inmate can
actually safely and independantly self physically perform an
inmate daily life sustaining needs, (Id) (Emphasis).

//

I/ Per the Policy, an inmate who is incapacitated with
a physical disability, who requires physical nurse assistance to
perform inmates daily life sustaining needs requiring Infirm-
ary placement are: (A) unable to transfer to and from bed, wheelchair,
toilet, shower chair, chair; (B) unable to operate manual wheelchair; (C)
unable to use cane, walker or other mobile equipment device; (d)
unable to access water; (e) unable to access food in cell or dening
hall meals; (f) unable to eat; (g) unable to shower, wash, shave,
dental care and other personal self care; (h) unable to dress; (I) un-
To undress; (j) unable to perform all Keep on Person (KOP) medical
treatments (eg. catheters, adult briefs, medical compression
stockings, breathing treatments, ect) and (K) unable to
self care for any other medical condition.

-13-

(f)   Under the Policy, ADOC Director, Deputy Director and all Division Directors, Wardens, Deputy Wardens and Administrators have an affirmative duty, upon an inmates or staff members notification the inmate alleges the arbitrary or fraudulent denial of admittance to or discharge from an ADOC Infirmary Unit by Corizon providers these ADOC officials must:

(A)   Immediately notify ADOC, Division Director of the Division Of Inmate Health Services to conduct the required departmental review of the reasons and Medical evidence Of Corizon's decision to either deny admittance or discharge the inmate to or from the ADOC Infirmary Unit and,

(B)   Immediately (S)ecure the inmate to ADOC Infirmary Unit housing, if alleged inmate was arbitrarily or fraudulently not admitted or discharged to or from ADOC Infirmary and cannot safely and independantly self physically perform daily life sustaining needs, 1/ requiring physical nurse assistance to (p)revent irreparable harm to the inmate pending review. (Emphasis). (Id.).

(c)   Upon ADOC, Division of Health Service review of a specific Corizon Provider's decision to discharge an inmate based upon inmates allegation the Provider issued an arbitrary or fraudulent discharge order the inmate is physically able to self perform daily life sustaing needs, 1/ ADOC must (s)end the (1) Provider's decision is supported secondary (d)iagnostic medical evaluations, or ADOC must

−14−

obtain (1) independant medical and diagnostic evaluation of the inmate prior to authorizing discharge or ADOC must (2) deny the corizon Provider's discharge based upon inconclusive medical findings and the inmate shall remain housed in the Infirmary Unit.

52. Pursuant to the ADOC/corizon contract, Defendant corizon is exclusively authorized to operate all ADOC Infirmary Units systemwide.

53. In addition, Defendant corizon is expressly required to house inmates in the infirmary units for short or long term, for medical care and treatment, inmates discharged from the hospital and (2) incapacitated inmates with physical disabilities whom require 24 hour physical nursing care to perform daily life sustaining needs, 2); to reduce the financial liability upon the State of Arizona ex rel. ADOC and jointly reduce the financial expenditure and increase the profits under the contract on behalf of Defenant corizon corporation, by (2) not housing these inmates in local or county hospitals.

54. Under the contract neither Defendant corizon or ADOC shall not arbitrarily or fraudulently discharge an inmate from ADOC Infirmary Unit who will be denied required 24 hour life sustaining (1) medical treatment or (2) incapacitated inmate with physical disabilities requiring physical nurse assistance; whom either will be subjected to potential life threatening medical or physical harm.

-15-

55. On a date unknown, between June 1, 2013 and June 1, 2014, Defendant Corizon implemented a defacto, unauthorized and unwritten corporate policy which requires its Corizon medical providers, to arbitrarily and fraudulently discharge inmates from the ADOC Infirmary Units, who require 24 hour life sustaining (1) medical care and treatment and (2) incapacitated inmates with physical disabilities requiring physical nurse assistance, for non-medical reasons. To purposely subject this class of inmates to potential life threating medical and physical harm in violation of the ADOC/Corizon contract, to fraudulently reduce the financial liability upon the State of Arizona, ex rel., ADOC and jointly fraudulently reduce its Corizon financial expenditure and (3) increase the corporate profits under the contract on behalf of Corizon. By Corizon purposefully fraudulently discharging this class of inmates from the Infirmary Unit to (b) use discharged inmates from the hospital.

56. Defendants Ryan, Hood, McWilliams, Pratt, Campbell and Defendants Doe's 1-50, inclusive, has actual knowledge that Defendant Corizon corporation has a documented history of implementing the defacto, unauthorized and unwritten corporate policy which requires Corizon medical providers to arbitrarily and fraudulently discharge inmates from the ADOC Infirmary Units, who require 24 hour life sustaining (1) medical care and treatment and (2) incapacitated inmates with physical

disabilities for non medical financial reasons in violation of the ADOC/ Corizon contract, as set forth with particularity in paragraph 55, inclusive.

57. Since January 1, 2014 through present date, Defendants Ryan, Hood, McWilliams, Pratt, Campbell and Defendants Does I-50, inclusive, have a documented history of acquiescing in the (1)short term and (2)ong term fraudulent enforcement of Defendant Corizon's defacto, unauthorized and unwritten corporate policy which requires Corizon medical providers to arbitrarily and fraudulently discharge inmates from the ADOC Infirmary units for non medical (f)raudulent financial reasons, which benefit Defendant Ryan, ex rel State of Arizona / ADOC and Defendant Corizon in violation of the ADOC/ Corizon contract, as set forth with particularity in paragraph 55, inclusive.

58. Since January 1, 2014 through present date, Defendants Black, Barnett, Ende and Does 51-100, inclusive, have a documented history of having knowledge of, acquiescing in fraudulently covering up, denying life sustaining (1) medical care and treatment and (2) physical nurse assistance to incapacitated inmates with physical disabilities and the enforcement of the Defendant Corizon corporation, defacto, unauthorized and unwritten policy; requiring Corizon medical providers to arbitrarily and fraudulently discharge inmates from the ADOC Infirmary Unit, for non-medical (f)raudulent financial reasons which

exclusively benefit Defendant Corizon and Defendant Ryan, et. rel, State of Arizona / ADOC in violation of the ADOC / Corizon contract, as set forth in particularity in paragraph 55, inclusive.

57.  Defendants Barnett, Ende and Defendants Does 61-80, inclusive, have a documented history of having knowledge of, acquiescing in, fraudulently covering up, denying life sustaining (1) medical care and treatment and (2) physical nurse assistance to incapacitated inmates with physical disabilities and enforcement of Defendant Corizon's aforementioned defacto, unauthorized and unwritten policy, arbitrarily and fraudulently discharging Plaintiff on other occasions from ADOC Infirmary Units unrelated to this complaint, 3/ and other inmates from ADOC Infirmaries, for non medical (Fraudulent) financial reasons; which exclusively benefit Defendant Corizon and Defendant Ryan, et. rel, State of Arizona / ADOC in violation of the ADOC / Corizon contract.

58.  At all times relevant Corizon Medical Director - Defendant Barnett had documented knowledge from review of

_____
//

3/ Namely by Defendant Ende on seven (7) prior occasions at the ASPC-Lewis, LII Infirmary Unit between June of 2014 and December of 2015, in which ADOC in their supervisory capacity administratively Plaintiff returned to the ADOC Infirmary housing due to his incapacitated physical state. Plaintiff asserts these claims are time barred by statute of limitations and are not raised.

- 18 -

Plaintiff's medical records that Barnett's subordinate Corizon provider Defendant Ende had fraudulently medically discharged Plaintiff from ASPC-Lewis, L-11 Infirmary on seven (7) previous occasions per Corizon defacto policy in paragraph 55, inclusive. Specifically, Defendant Barnett upon review thereof knew that Defendant Ende entered in Plaintiff's medical record on each of these seven discharges orders that "he (Plaintiff) was physically able to self transfer and self physically perform his daily life sustaining needs without nurse physical assistance, ᵗⁱ; does not require infirmary housing and he can be housed in a non-medical unit ADA handicapp cell with a wheelchair ... and issued his discharge order accordingly, and without any medical evidence in support thereof". (Emphasis).

59. Defendant Barnett then knew from review of Defendant Ende's corresponding Corizon discharge orders of Plaintiff on each of these seven (7) occasions that Ende had specifically discharged Plaintiff, "to have another ADOC inmate being discharged from the hospital to be (h)oused in Plaintiff's same cell (b)ed at the L-11 Infirmary unit on the (s)ame days of Plaintiff's seven discharges.

60. Defendant Barnett then knew from review of Plaintiff's medical records that ADOC Central Office, Division Of Health Services Contract Monitoring Bureau and seven (7) other independant Corizon providers, ᵗⁱ, review of Defendant

ᵗⁱ   Plaintiff asserts each of these seven (7) Corizon

-19-

Ende's seven previous discharge orders of Plaintiff from the ASPC-Lewis complex, L-11 Infirmary Unit were falsified by Defendant Ende on each of those occasions between 2013-2015. Specifically, Defendant Barnett had known from this review that each of the seven (7) Corizon medical providers concluded upon their physical examination of Plaintiff and review of Plaintiff's extensive medical records that:

(A) Plaintiff was severely physically incapacitated in a life threatening, bed ridden or stationary wheelchair confined 3/4 quadriplegic and catheterized; was physically not able to / self transfer nor self operate manual wheelchair nor able to perform any of his daily life sustaining needs, 1/; required 24 hour physical nurse assistance to perform all physical transfers, wheelchair movements and all of his daily life sustaining needs, 1/ and required mandatory ADOC Infirmary housing placement with 24 hour physical nurse assistance to perform his daily life sustaining needs. Accordingly, each of these providers reperscribed and Ordered that Plaintiff be Emergency removed from his non medical detention unit ADA handicap cell and Emergency re-housed the (s)ame day back to ADOC medical Infirmary Unit housing and provided 24 hour physical nurse

/1

Medical providers were at the ASPC-Lewis complex under the Supervision of another Corizon Medical Director at this time other than Defendant Barnett. (Emphasis).

- 20 -

assistance to perform all of his daily life sustaining needs. 1/.

(B) Based upon the foregoing seven (7) Corizon providers medical evaluation of Plaintiff in sub para graph (A) of this paragraph they unanimously concluded that: Corizon provider Defendant Ende had falsefied Plaintiff's discharge orders by falsely stating; Plaintiff was physically able to self physically transfer and physically self operate manual wheelchair and physically able to self perform all of his daily life sustaining needs, 1/; does not require Infirmary housing nor physical nurse assistance and Plaintiff can be housed in a non medical unit ADA handicapp cell with manual wheelchair; without nurse physical assistance.

(c) ADOC Central Office, Division of Health Services, Contract Monitoring Bureau investigating Defendant Ende's fraudulent discharge of Plaintiff from the I-11 Infirmary Unit and after thier review of the seven (7) Corizon providers findings that Plaintiff was physically incapaciated and required Infirmary housing they concluded that:

` Corizon provider Defendant Ende had purpose-
fully falsely discharged Plaintiff from the Infirmary
for non-medical finacial reasons to house
an oither inmate being (d)ischarged from the
hospital in Plaintiff's bed at the Infirmary
Unit` on each of these seven (7) occasions.'

61. Defendant Barnett further knew from review of

- 21 -

Plaintiff's medical records that Corizon medical provider Zaran _____, MD, had fraudulently medically discharged Plaintiff from the ASPC-Florence complex, central unit Infirmary on two (2) previous occasions per Corizon defacto policy in paragraph 55, inclusive. Specifically, defendant Barnett upon review thereof knew that Corizon provider _____ entered in Plaintiff's medical records on each of the two discharges orders that, "he (Plaintiff) was physically able to self transfer and self physically perform his daily life sustaining needs without nurse physical assistance, 1/z does not require Infirmary housing and he can be housed in a non medical unit ADA handicap cell with a wheelchair... and issued his discharge order accordingly and without any medical evidence in support thereof. (Emphasis).

61. Defendant Barnett then knew from review of Corizon provider _____ corresponding Corizon discharge order of Plaintiff on each of these occasions that _____ has specifically discharged Plaintiff, "to have another ADC inmate being discharged from the hospital to be (s)oused in Plaintiff(s)ame cell bed at the central unit Infirmary on the (s)ame days of Plaintiff's two discharges.

63. Defendant Barnett then knew from review of Plaintiff's medical records that ADC central office, Division of Health Services contract Monitoring Bureau and two (2) other independent Corizon providers, 1/review of Defendant's two (2) previous discharge orders of Plaintiff from the ASPC-Florence complex, central unit Infirmary were falsified

- 27-

by Provider _____ on each of these occasions between 2013 - 2016. Specifically, Defendant Barnett had known from this review that each of these two (2) corizon medical providers concluded upon their physical examination of Plaintiff and review of Plaintiff's extensive medical records that:

(A) Plaintiff was severely physically incapacited in a life threatening bed ridden, stationary wheelchair confined 3/4 quadripledgic and catheterged state and physically not able to perform his daily life sustaining needs, I/; required 24 hour physical nurse assistance to perform physical trans- fers, wheelchair movements and all of his daily life sustain- ing needs, I/ and required mandatory ADOC Infirmary housing placement with 24 hour physical nurse assistance to perform all his daily life sustaining needs. Accordingly, each of these providers represcribed and ordered that Plaintiff be Emergency removed from his non - medical detention unit ADA handicapp cell and Emergency rehoused the (s)ame day back to ADOC medical Infermary Unit housing and pro- vided 24 hour physical nurse assistance to perform all of his daily life sustaining needs. I/.

(B) Based upon the foregoing two (2) Corizon providers medical evaluation of Plaintiff in subparagraph (A) of this paragraph they unamiously concluded that: Corizon provider _____ had falsified Plaintiff's discharge order by falsely stating: "Plaintiff was physically able to self physically transfer and physically self operate manual wheelchair and physically able to self perform

- 23 -

all of his daily life-sustaining need, 1/; does not require
Infirmary housing nor physical nurse assistance and
Plaintiff can be housed in a non-medical unit ADA handi-
capp cell with wheelchair; without nurse physical
assistance.

(e). ADOC Central Office, Division of Health Services,
Contract Monitoring Bureau investigating Corizon Provider
fraudulent discharge of Plaintiff from the ASPE-
Florence, Central Unit Infirmary and after their review of the
two (2) Corizon providers findings that Plaintiff was phy-
sically incapaciated and required infirmary housing they
concluded that:

"Corizon Provider           had purpose-
fully falsely discharged Plaintiff from the In-
firmary for non-medical finnancial reasons to
house anouther inmate being (d)ischarged
from the hospital in Plaintiff's bed at the In-
firmary Unit" on each of these two (2) occas-
sions.

64. In 2009, the Plaintiff was convicted of Forgery-
identity theft pursuant to a plea agreement, a non dan-
gerous but repetitive offense and sentenced to a ten (10)
year term of imprisonment in State of Arijona v. Jonathan
C. Bertanelli, Crimial Action No. CR-20071 18748-001 SE.

65. Upon conviction. Plaintiff was transfered to the
Arijona Department Of Corrections (ADOC) in 2009.

66. At all times relevant herein Plaintiff was

~ 24 ~

incarcerated at the Arizona State Prison Complex (ASPC) Lewis at the L-11 Infirmary Unit, Steiner Detention Unit (SDU) and Rast Max Unit (Maximum Custody) thereof. 5. /

67. The Plaintiff at all times relevant had a documented medical history of suffering from:

(A)   A chronic heart condition in which he had suffered two heart attacks; he had thirteen stents placed in his heart arteries at (d)ifferent times and he had a triple heart bypass of his        arteries.

(B)   C        Surgery. Plaintiff suffered 100% block-age of his left neck        artery.

(C)   Strokes. Plaintiff suffered two (S) operate strokes in which rendered him to a total incapacitated physical dis-abled quadriplegic state; urinary and bowel movement incontinent; legally blind without glasses; temporary speech loss; memory impairment and requiring x 4 hour cp physical nurse assistance to physically perform all of his daily life sustaining needs. Plaintiff had re-mained in this (t)otal quadriplegic state from June of 2009 until approximately March of 2010.

(D)   Strokes. Amended physical disability state. As of November of x0 through March 20, 2017, the date of Plaintiff's //

5. / Plaintiff otherwise was incarcerated afrom 2009 to June 1, 2016, at the ASPC-Lewis, L-11 Infirmary at different times; ASPC-Florence, Central Unit Infirmary and ASPC-Tucson Rincon Unit Infirmary.

- 55-

release from ADOC his aforemention incapacitated physical disability increased and rendered him to a three quarter 3/4 quadriplegic state, e.g. no physical use, movement nor reflex in right and left leg and foot nor in left arm and hand extremities rendering them totally flacid and his right arm and hand limited physical use, movement and reflex at 12% and 8 lb lifting approximately 6" hight and was physically not able to lift arm and hand higher than 6" from table height; total urinary and bowel movement incontinent; legally blind without glasses; partial loss of speech 35%; memory impairment 45%; and he required 24 hour physical nurse assistance to physically perform all of his life sustaining needs. (Emphasis Added).

68. The Plaintiff additionally at all times relevant herein had a documented history of receiving and being provided watch swallow p          c          and stroke medications daily administered to him by the nurse due to his incapacitated physical disability state.

69. Plaintiff at all times relevant herein required ADOC medical Infirmary housing due to his severe incapacitated physical disability state, as in paragraph 67 sub. sec (D), requiring 24 hour physical nurse assistance to physically perform his daily life sustaining needs, to wit: (A) transfer him to and from bed, wheelchair, shower chair or shower bed and medical chair; (B) to manually operate his manual wheelchair for all movements; (C) to physically bring water and fluids to him; (d) to physically bring food to

-26-

to eat, (e) to physically unpack, unwrap, cut and set up his meals to eat; (f) to physically shower, wash, bathe, shave, dental care, hair grooming, nail clipping; (g) to physically dress and undress him; (h) to physically put condom catheters on him, change and empty his urinary foley drainage bag for urinary incontinence care; (i) to physically change his adult briefs (diaper), wash him for bowel movement incontinent care; (j) to physically put on and remove his compression medical stockings; (k) to physically provide his breathing treatments; (L) to physically bring his medications; (m) to physically access, bring and return his personal property, mail ect, (hereinafter "Plaintiff's incapacitated physical disability state"). (Emphasis).

70. Due to Plaintiff's incapacitated physical disability state requiring 24 hour physical nurse assistance, as in paragraphs 67 (D) and 69, inclusive, Plaintiff was originally housed in ADOC medical Infirmary Unit (b) by ADOC administration and medical in June of 2009, per ADOC policy and procedure, as in paragraph 51 (a), inclusive. Plaintiff had continuously remained in ADOC Infirmary housing due to his incapacitated physical disability state from then until his release from ADOC on March 20, 2017, (approx 8 yrs),

6/
//

6/  Except for the brief periods of a few days on each occasion Plaintiff was (f)raudulently discharged from ADOC Infirmary Units by Defendant Corizon providers, as

-27-

71.   In approximately July, 2016, Plaintiff was adminis-
tratively transferred by ADOC and Defendant Corizon and
Doe 67, inclusive, from the ASPC-Florence, Central Unit, (ADOC)
Infirmary to the ASPC-Lewis, L-11 Infirmary Unit.

72.   Upon Plaintiff's transfer to the L-11 Infirmary he was
under the (d)irect medical care and treatment of Corizon Med-
ical Director and L-11 Infirmary provider Defendant Barnett,
M.D.

73.   At this time Defendant Barnett had physically ex-
amined Plaintiff and reviewed his extensive medical re-
cords and (v)erified his physical disabilities, as in para-
graph 67, inclusive, and (v)erified his incapacitated physical
disability state and need for 24 hour physical nurse assistance
to perform his daily life sustaining needs, as set forth in
paragraph 67 (D).

74.   Defendant Barnett then knew and (v)erbally acknow-
ledged to Plaintiff that he had "no medical care or treatment
for his L-11 Infirmary housing" and" that he was solely being
housed in the Infirmary Unit due to his incapacitated physical
disability state to receive his required 24 hour physical nurse
assistance to perform his daily life sustaining needs" per
"

in paragraphs 58 to 63, inclusive and as set forth in
this complaint hereinafter based upon Corizon Defendant
provider (F)raudulently discharging Plaintiff from
the ADOC medical Infirmary Unit, as in paragraphs
_____ to _____, inclusive.

ADOC / crayon policy, as in paragraphs 51 (a), 52, 53 and 54, inclusive.

75. Plaintiff is a class member in Parson's et. al v. Ryan, et. al., (Parson's Settlement an injunctive / declaratory judgement action initially resolved by a stipulated settlement with Defendant Ryan et. al.).

76. The Parson's Settlement was reached and filed on October 14, 2014.

77. The Parson's Settlement requires that incapacitated physically disabled inmates who require 24 hour physical nurse assistance to physically perform inmates daily life sustaining needs (M) ust be exclusively housed in an ADOC Infirmary Unit. 7. /

78. The Parson's Settlement prohibits the arbitrary or fraudulent discharge of an inmate who will be denied required 24 hour lifesustaining (A) medical treatment or (b) incapacitated inmate with physical disability who requires 24 hour physical nurse assistance to physically perform inmates life sustaining daily needs ... whom either will be subjected to potential medical or physical harm. (Emphasis), 8. /

79. Approximately, two (2) months after Plaintiff's

---

7. /   Accord: See e.g. Complaint paragraphs 51 (a), 52, 53 and 54, inclusive.

8 /   Accord: See e.g. Complaint paragraphs 37, 51 and 54, inclusive.

-29-

placement at the L-11 Infirmary Defendant Barnett told Plaintiff that, "This is a medical unit and we need your bed to treat other inmates with medical conditions. You don't have a medical condition. Your taking up a medical bed casting us (referring "to corijon) and Doc thousands of dollars a day because your taking up a medical bed and we can't treat other inmates, and it will not be tolerated anymore." 9/

Defendant Barnett further told Plaintiff that, "Corijon, Doc Officials and I decided to discharge you from the Infirmary to house other inmates with medical conditions. You have two (2) weeks then I will be discharging you to be housed in a non medical unit ADA handicapp cell with your wheel-chair and I will be denying you cell physical nurse assistance. You will be required to do your own physical daily activity living needs." 12/ 9/

Plaintiff then stated to Defendant Barnett that, "You know that I am incapaciated and physically not able to self physically do my own daily life sustaining needs with-out physical nurse assistance. I will not be able to care for myself. Dr. Barnett please don't fraudulently dis-charge me again I don't deserve this. Please don't heart me anymore." 9/

Defendant Barnett replied to Plaintiff stating

11

9/ There were no other persons present except Plain-tiff and Defendant Barnett present.

10/ As set forth in paragraph 69, infra.

-30-

that, "the decision has been made you will be discharged." You need to find a way for you to physically do your own daily needs (referring to life sustaining needs), as in paragraph 69, inclusive, not es. If not you know you will suffer harm as before. I will direct all Coryon nursing and CNA staff not to provide you any physical assistance and all providers not to re-admit you to the infirmary and DO e has agreed not to re-admit you either." 9/

80. The next day, the Plaintiff sent Defendant Barrett a letter (a) requesting her not to fraudulently discharge him from the Infirmary falsely stating he can self physically transfer and self perform all his daily life sustaining needs and not further victimize and harm him; (b) Based upon she knew he was physically incapacitated and has been repeatedly diagnosed upon examination and diagnostic tests being physically and medically unable to move or use his extremities, as in paragraph ___, inclusive; (c) that she knew he had been fraudulently discharged seven times on this false basis by her subordinate Defendant Ende; was reversed and he was returned to infirmary housing; (D) that it does not matter what she falsely states as the bases of her discharge order because the (f) act remains he is medically determined physically incapacitated and that what governs and not what she fraudulently states, and (E) (h)e advised her that if she acts in this fraudulent conduct and victimizes him that he will take appropriate action through third party to legally defend himself from her life threatening harm. 1/

-31-

81.  On a date uncertain in 2016, Defendants Corizon, Black, Barnett, Ende, Ryan, Hood, McWilliams, Pratt, Campbell and Does 1-100, inclusive, had entered into a civil conspiracy or understanding with each other, to fraudulently discharge Plaintiff, an incapacitated physically disabled inmate from his mandatory ADOC 2-11 Infirmary Unit housing and deny his required 24 hour physical nurse assistance from performing his daily life sustaining needs; and transfer him to a non-medical ADA handicapp cell with his wheelchair and without nurse physical assistance to deny him from recieving his daily life sustaining needs; for non-medical fraudulent financial reasons to house other ADOC inmates without paying private hospital costs to fraudulently reduce financial expenditures of Corizon and ADOC and increase Corizon's corporate profits, by:

(1)  Co-conspirator Defendant Barnett, MD, initially issuing a fraudulent medical discharge order of Plaintiff from the Infirmary Unit by:

(A)  Dr. Barnett falsely stating "he (Plaintiff) is physically able to self transfer, operate his manual wheelchair and self perform all of his daily living needs, as in paragraph 69"; inclusive, without nurse physical assistance"

11/  Plaintiff asserts that it's common knowledge at ADOC that inmates have a contract to kill Defendants Barnett and Ende regarding their fraudulent medical care. Plaintiff is not included among those threats of harm.

-32-

and he can be housed in a non medical unit ADA handicapp cell with manual wheelchair," (hereinafter referred to as "per Dr. Barnett's directive he can self physically perform his daily ADL without assistance").

(B) Dr. Barnett directed all Corizon medical providers at the ASPC-Lewis complex under her control to not order him (Plaintiff) re-admitted to the Infirmary Unit due to his physical disability per Dr. Barnett's directive that he can self physically perform his ADL's without assistance, as in sub para-graph (A), inclusive.

(C) Dr. Barnett directed all Corizon nursing, CNA, nursing technician staff at the ASPC-Lewis complex under her direction to not respond to any ADOC staff request or Emergency ICS re-quest that he (Plaintiff) requires nurse physical assistance due to his physical disability deny the request per Dr. Barnett's dir-ective that he can self physically perform his ADL's without assistance, as in sub. para (B), inclusive.

(D) Dr. Barnett directed all Corizon medication nursing staff to not physically enter his (Plaintiff's) ADA cell to deliver his medication and if he claims he is physically disabled to access the cell door do not give him the medication and falsely document that he refused the medication and do not enter that he was physically not able, per Dr. Barnett's dir-ective that he can self physically perform his ADL's without assistance, as in sub. para (B), inclusive.

(E) Dr. Barnett directed all Corizon mental health staff at the ASPC-Lewis complex under her directive to falsify

-33-

mental health daily Health and Welfare daily check of him (Plaintiff) to not document that he cannot physically self perform his daily life sustaining needs nor his inhumane conditions of confinement, and falsely document that he is not in any physical harm nor requires any mental health services, pr Dr. Barnett's directive that he can self physically perform his daily ADL's without assistance, as in sub-para. (B), inclusive.

(3) By co-conspirators Defendants Regan, Hood, McWilliams, Pratt and Campbell initially agreeing Not to exercise their mandatory contractual supervisory authority over Corijon's operation of ADOC Infirmary Units;

(A)   By Ryan, Hood, McWilliams, Pratt and Campbell agreeing to fraudulently uphold co-conspirator Defendant Dr. Barnett's corresponding fraudulent medical discharge of him (Plaintiff) from (L)ong (T)erm medical housing upon Dr. Barnett's (F)alse statement that, "he (Plaintiff) can self physically perform his daily life sustaining needs without assistance", as in sub-para. (1)(a), inclusive.

(B)   By Ryan, Hood, McWilliams, Pratt and Campbell, directing all ADOC Wardens, deputy wardens, associate wardens, Correctional Officer IV's and Captains at the ASPC-Lewis complex under their control to not order him (Plaintiff) to be re-admitted to the L-11 Infirmary due to his physical disabilities, per Dr. Barnett's directive that he can self physically perform all of his daily life sustaining ADL's without assistance, as in sub-para (1)(a), inclusive.

(e)   By Ryan, Hood, McWilliams, Pratt and Campbell,

-34-

directing the Warden and all deputy wardens, associate deputy wardens, Captains, Lieutenants, sargents and Correctional Officers II at the ASPc-Lewis complex under their control to not provide him (Plaintiff) with no physical assistance to perform any of his daily life sustaining needs, including access to food or water, showers, urinary or bowel movement incontinent care or transfers and all other ADL's, as in paragraph 69, inclusive, and them to falsely document that he "refused" these ADL services and further directed them not to document he was physically not able to perform those ADL's, per Dr. Barnett's directive that he can self physically perform his daily ADL's without assistance, as in sub. para (1)(A), inclusive.

(82)  Thereupon, Defendant Barnett pursuant to the conspiratorial agreement Barnett fraudulently issued a medical discharge order of Plaintiff from the 2-11 Infirmary Unit by falsely stating that he can self physically perform all of his daily life sustaining needs without physical assistance, as in sub. para. (1)(A), inclusive and as in paragraph 69, inclusive, to be house in a non medical unit ADA handicapp cell without physical nerve assistance without medical evidence.

(83).  In 2016, Defendants pursuant to Defendant Barnett's discharge order, numerous ASPc-Lewis complex deputy wardens, Captains, Lieutenant, two sargents and several correctional officers, by "video camera recording" then insolent airily physically cd'ressed __ / and removed incapacitated Plaintiff from the
//

     12 / This is a crucial fact. Plaintiff was video recorded

-35-

2-11 Infirmary Unit and escorted him by wheelchair to the ASPE-Lewis, Steiner Detention Unit (SDU) and housed him in an ADA handicapp cell with his manual wheelchair.

84. The Plaintiff remained at SDU in the ADA handicapp cell for approximately three month and then was transfered to the Rast Max Unit.

85. In 2016, Defendants pursuant to Defendant Barnell's Order, several ASPE-Lewis complex correctional officers then involuntarily removed incapacitated Plaintiff from the SDU Unit, as in paragraph 83, inclusive and escorted him "nude" with a (b)lanket over him in his wheelchair 1/4 mile accross the prison complex to the ASPE-Rast Max Unit and simularly housed him in an ADA handicapp cell (n)nude in his wheelchair and removed the blanket and physically left him in this nude state. (Emphasis)

86. The Plaintiff remained at the Rast Max Unit in the "(N)ude. (Emphasis). Due to Plaintiff was wearing hospital gown. The importance of this video recording is that it shows Plaintiff had no skin tissue deterioration/break down nor any bed/wheelchair pressure sores or infected sores on any part of his body.

This is a crucial fact to show the comparison of Plaintiff's physical state prior to discharge which recieving nurse physical airstance and shower the extreme physical harm he suffered thereafter his fraudulent discharge being denied nurse physical airstance in which he suffered 193 infected pressure sores on his body several months later until discharged from ADOc.

-36-

ADA handicapp cell for approximately three and half months until his discharge release from ADOC to commence his required mandatory ADOC parole.

87.  At all times relevant herein, all Defendants had Plaintiff housed in the SDU and Rast Max units in the ADA cell "nude" and with only a "mattress physically on the bed, from the entire peroid when he was discharged from 2-11 Infirmary until he was discharged breleased approximately six and half months later from ADOC on March 20, 2017. (Emphasis). Peursuant thereto, Defendants denied Plaintiff all clothing, bedding (sheets and blanket), towel; personal hygine items (no soap, shampoo, toothpast, toothbrush, deordant nor razor / clippers for shaving nor toilet tissue throughout this entire peroid.

88.  In addition, at all times relevant herein, when incapacicated Plaintiff was housed at the non-medical SDU and Rast Max Units, all medical and non medical Defendants in accordance with the conspiratorial agreement or understanding (b) lanketly denied and refused to provide him with "no" physical assistance to perform none of his daily life sustaining needs, as in paragraph 69, inclusive, per Defendant Barrett's order that he can self physically perform all of his daily liiving needs without physical assistance, as in paragraph 81 (1) (a), inclusive.

89.  As the direct and proximate cause and result of all Defendants deliberately denying and refusing to provide Plaintiff with his required 24 hour, physical nurse

assistance to perform his daily life sustaining needs, as in paragraph 69, inclusive; pursuant to the conspiratorial objective he was involuntarily subjected to punitive life threatening conditions of confinement at the SMU and Rast Max units:

(1) Food Deprivation. Plaintiff was provided his meals to the cell door security trap door; due to his physical disability state he was unable to access his food. Defendants falsely document that Plaintiff refused his meals and deliberately did not document he was not physically able to access per the conspiratorial understanding. As the result the Plaintiff has lost 122 pounds more than half of his body weight. 13.( (Emphasis).

(2) Water Deprivation. Plaintiff was placed in the ADA cells with water. Due to Plaintiff's physical disability state he was unable to access the sink, except for 34 days while in wheelchair (N)ext to the sink and thereafter for the next six months while he was physically incapacitated on the cell floor he was involuntarily forced to drink water from the toilet and his own urine to maintain life sustaining hydration.

(3) Sleep Deprivation. The Plaintiff was placed in the ADA cells with "only a mattress", as in paragraph 87, inclusive. Due to Plaintiff's incapacitated physical state he was physically not able to self transfer from wheelchair or floor to bed.
//

13.( When Plaintiff was discharged from the infirmary he had weighed 209 lb. On date of Plaintiff's discharge approx 6 months later on 03/20/18, he weighed 87 lb by outside hospital.

As the result, the Plaintiff was involuntarily forced to live and (s) sleep in his wheelchair in his aforesaid incapacitated physical disability state. The Plaintiff had only slept in his wheelchair 24 days out of the approximate six months at SDU and RastMax Unit and the remainder of that period he had slept rude on the concrete floor after "repeated loss of consciousness causing him to fall out of his wheelchair." (Emphasis).

(4) Denial Of Urinary And Bowel Movement Care Causing Physical Injury. The Plaintiff was placed in the ADA cells physically not able to perform any self urinary and bowel movement care and was blanketly denied use of his condom catheters and adult briefs (diapers). Defendants did provide Plaintiff catheters and diapers by dropping them in his cell trap door but Plaintiff was physically not able to put them on. As the result, Defendants had involuntarily forced Plaintiff to (c) continuously urinate and defecate upon himself in his wheelchair and on the floor and to (c) physically live and sleep in his own urine and feces for approximately six months; and he sustained 193 infected sores upon his entire physical body. 17/

(5). Shower Deprivation. Plaintiff was "offered" showers at all times at SDU and RastMax three times weekly per ADO e Policy. Due to Plaintiff's incapacitated physical disability state he was unable to physically access or shower himself. Defendants falsely documented that Plaintiff refused his showers and deliberately did not document he was not physically able to access the shower nor he was not physically able to

-39-

shower himself, per the conspiratorial understanding. As the result Plaintiff was involuntarily forced to live and sleep with his own urine and feces on his body and contributorially causing infections to his 193 pressure sores upon his body. (Emphasis).

(6). Denial Of Clothing, Bedding And Personal Hygiene Supplies. Defendants blanketly refused to provide Plaintiff with no clothing, bedding e.g. sheets or blanket nor any personal hygiene items e.g. soap, shampoo, toothpaste, toothbrush, razor at the SDU and Rast Unit for the entire period of six months. Plaintiff asserts the "totality" of deliberately not providing these basic life-sustaining needs constitutes inhumane and unconstitutional conditions of confinement particularly due to his aforesaid inhumane conditions of confinement herein, as in sub-para's 1-6 of this paragraph, inclusive.

(90) The Plaintiff was scheduled for mandatory discharge release from ADOC to commence his mandatory period of parole on March 20, 2017.

(91) Pursuant to ADOC Policy sub-contractor Defendant Corizon is required to prepare inmates medical release packets for inmates placement in appropriate medical facility, hospital or nursing home for incapacitated inmates released on parole or discharged. (Emphasis).

(92) In January, 2017, while Plaintiff was still housed in the non-medical SDU and Rast Max Units, Defendants by and through Corizon Defendant Doe 51, (Corizon Release Medical Planner), inclusive, then Doe 51 prepared

- 40 -

and submitted to numerous skilled Nursing Home facilities Plaintiff's medical release packet, which included his ADOc medical records and other medical records from private physicians and hospitals regarding his "medical conditions" and his "incapacitated physical disability state," for their review for acceptance and placement upon his release on parole; due to his incapacitated physical disability state, requiring 24 hour, physical nurse assistance to perform his daily life sustaining needs, as set forth in paragraph 69, inclusive.

(92). Corizon Medical Release Planner Defendant Doe 51, a Registered Nurse actually documented in her medical release packets she prepared and sent to these Skilled Nursing Homes Plaintiff's actual medical conditions and his actual incapacitated physical disability state that he requires 24 hour, physical nurse assistance to perform his daily life sustaining needs, as in paragraph 69, inclusive, and did (N) at fraudulently state as Corizon Defendant Dr. Barnett falsely state that Plaintiff can physically self-perform all of his daily life sustaining daily needs without physical assistance, as in paragraph 81 (I) (a), inclusive. 14/

(93). Based thereupon, the Plaintiff was was accepted at the Sun Nursing Home in Phoenix, arizona. Subsequently, in March, 2017, Sun Nursing Home then recinded their acceptance of Plaintiff at the nursing home due to they

_____

14/ Plaintiff will subpoena a copy of each of those medical packets of Plaintiff to those nursing homes in support thereof.

-41-

only accepts sex offenders from ADOC and because he was not a
sex offender they could not accept him. (Emphasis).

(94) Corizon Medical Release Planner Defendant Doe 51, inclu-
sive, then refused to locate another skilled nursing home for
his placement. Defendant Doe 51, inclusive, told Plaintiff
that "since you do not have anyplace to parole I will advise
ADOC you will be paroled homeless and you can notify ADOC
where you will be paroling to." (Emphasis).

(95). Thereafter, Corizon Release Planner Defendant Doe 51, in-
clusive, submitted her (a) mended medical release report to De-
fendants and ADOC parole division regarding Plaintiff's phy-
sical disability status to be released (h)omeless on parole.
In this report, Defendant Doe 51, inclusive, then (a) reversed her
(previous findings submitted to the skilled nursing homes,
as in paragraph 92, inclusive, "that he (Plaintiff) requires 24
hour, physical nurse assistance to perform his daily life sus-
taining needs," and (f) raudulently stated to them that,
"he (Plaintiff) is physically disabled and wheelchair con-
fined and can physically self-perform all of his daily
life sustaining needs without physical assistance"....
"to be discharge/release (h)omeless on parole," since he
was denied acceptance at the skilled nursing facility,
as in paragraph 93, inclusive. (Emphasis).

(96). On March 20, 2017, the Plaintiff was discharged/
released from the Rast Max Unit and ADOC to commence
his mandatory ADOC parole supervison and he was then
transported directly by ADOC correctional Officers to

—45—

the parole office in Tucson, Arizona.

(97) The Plaintiff then arrived at the Tucson parole office by ADOC transport in his aforementioned (T)otal physically disabled issncapacitated state, as in paragraph 69, inclusive, physically unable to care for himself and (r)equiring Emergency life threatening medical care, as in paragraph 89, inclusive.

(98). Thereupon, the Plaintiff was advised by the Tucson Parole Officer that ADOC Central Office and Corizon Release Planner Defendant Doe 51, inclusive, advised us (Parole Office) that "you are physically disabled and wheelchair confined but you can physically self perform your daily life sustaining needs and physically can self transfer....They did not tell us "you are totally physically incapacitated requiring 24 hour physical nurse assistance nor you require emergency medical care. We can't house you here we do not have medical staff and your in a life threatening situation." (Emphasis). 15./

(99). The ADOC Parole Officer then advised Plaintiff that "pursuant to federal and Arizona state Health and Welfare laws, they were instructed by ADOC we must take you to the hospital to be physically examined because you are in a life threatening condition were you can not physically self care for yourself and require 24 hour physical assistance."

15./ The Parole Officer then advised they cann't return him to ADOC custody because he has not violated parole.

- 43 -

and require emergency life threatening medical care."

(100). Based thereupon, ADOC Parole Officers immediately brought Plaintiff to the hospital in Tucson to be physically examined regarding his life threatening incapacitated physical disability totally physically unable to care for himself and his life threatening medical condition due to his severe inhuman conditions of confinement, as in paragraph 97, inclusive.

(101). Upon physical examination and extensive medical diagnostic tests the hospital determined that Plaintiff was in a life threatening incapacitated physical disability state totally physically unable to self care for himself due to his physical disabilities, as in paragraphs    and 69, inclusive, and suffering from life threatening medical condition, as set forth in paragraph 81, inclusive.

(102) Based thereupon, the hospital in Tucson involuntarily invoked the federal and Arizona state Health and Welfare laws and involuntarily admitted Plaintiff to the hospital to recieve life sustaining medical care due to his (1) incapacitated physical disability state to recieve his hospital required 24 hour, physical nurse assistance to perform his daily life sustaining needs, as in paragraph 69, inclusive and (2) life threatening medical condition to recieve life sustaining medications for the treatment of his extensive physical injuries and related medical conditions, as in paragraph 81, inclusive and (3) facilitate his placement in a skilled nursing facility pursuant to the State of Arizona medical laws to provide him life sustaining Medical

and nursing long term care (1) due to his incapacitated phy-
sical disability state to recieve life sustaining 24 hour, phy-
sical nurse assistance to perform his daily life sustaining
needs and (2) to medically treat his medical condition after dis-
charge due to his physical disability state. 16/

(103). The Plaintiff several weeks later was discharged to
a skilled nursing facility for long term care due to his total
physical disability incapacitated state.

(104). Upon Plaintiff's discharge he was further evaluated
by numerous physicans and nurological specialists and un-
der gone extensive medical diagnostic tests regarding his
disability state at UCLA Medical Center, Zuckenburg San
Francisco General Hospital and Houston Medical Center and they
all unamiously concluded that he was in and has been the
incapaciated physical disability state, as set forth in para-
graph 67 (95), inclusive, (Emphasis) and he had required
24 hour physical nurse assistance to perform all of his life
sustaining daily needs, as in paragraph 69, inclusive. 16/

(105) Defendants have a duty under the Parson's Settlement
to provide Plaintiff with mandatory ADOC Infirmary housing
to provide him with 24 hour, physical nurse assistance to
perform his daily life sustaining needs due to his incap-
aciated physical disability state.

//

16/ This medical rebuts the non medical finding by
Defendant Barnett and Cary on Defendant Doe 51, inclusive that
Plaintiff was physically self able to perform his own daily ADL'S.

(106) Defendants have a duty under the 8th Amendment to the U.S. Constitution to provide Plaintiff with mandatory ADOC Infirmary housing, to provide him with 24 hour physical nurse assistance to perform his daily life sustaining needs due to his incapaciated physical state.

(107) Defendants have a duty under the Parson's Settlement to not arbitrarily or fraudulently discharge Plaintiff from his mandatory ADOC Infirmary housing to deny him required 24 hour, physical nurse assistance to perform his life sustaining daily needs due to his incapaciated physical disability state.

(108) Defendants have a duty under the 8th Amendment to the U.S. Constitution to not arbitrarily or fraudulently discharge Plaintiff from his mandatory ADOC Infirmary housing to deny him required 24 hour physical nurse assistance to perform his life sustaining daily needs due to his incapaciated physical disability state.

(109) Defendants acts, omissions, policy and practices complained of herein have caused Plaintiff to suffer unnecessary pain and suffering, mental anguish and emotional distress and perment physical disfigurement.

(110) Plaintiff has been precluded by ADOC from exhausting administrative remedies.

(111) Defendants persistent refusal not to provide Plaintiff with rehousing in his required ADOC Infirmary housing, to provide him with 24 hour physical nurse assistance to perform his daily life sustaining needs

— 46 —

due to his incapacitated physical disability state for non Medical fraudulent financial reasons is not rationally related to any legitimate penological interest.

Wherefore, Plaintiff prays for the following:

1. Declaratory relief that Defendants have violated Plaintiffs Eighth Amendment rights, and

2. Nominal Damages in the amount to be determined at trial;

3. Compensatory Damages in an amount to be determined at trial.

4. Punitive Damages in the amount of $ 100,000.00 dollars

5. Attorney Fees pursuant to ARS § 12-341.01 and/or 42 USC § 1988.

6. Plaintiffs cost pursuant to ARS § 12-341.

Dated this 27 day of November, 2018.



JONATHAN C. BERTANELLI
Plaintiff, Pro-se

State of Arizona
                    : SS:
County of Maricopa :

Subscribed And Sworn to before me by Jonathan Bertanelli, who declares under the penalty of perjury the foregoing is true.

11-29-2019

My Commission Expires                        Notary Public

OFFICIAL SEAL
ALLEN W. HARTZELL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 29, 2019

Continued — Certificate of Service pg. 48.

- 47 -

perjury the foregoing is true and correct.

My Commission Expires                    Notary Public

//
//
//

I hereby certify that on
this 27, day of November, 2018,
I served a copy of the
complaint upon Helena on the
court Administrator Office at
201 W. Jackson Street,
Phoenix, AZ 85003,

JONATHAN E BERTANELLI